\Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2772 | **DATE** | August 10, 2009 |
| **CASE TITLE** | itelligence, Inc. v. Bradley Corp. | | |

**DOCKET ENTRY TEXT**

This matter is before the court on the motion of defendant Bradley Corp. ("Bradley") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2),(5) & (6) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below the motion [12] is granted as to the transfer of venue and this case is hereby transferred to the Eastern District of Wisconsin. Because we are transferring the case, we make no ruling on the motion insofar as it seeks to dismiss the complaint.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff itelligence, Inc. ("itelligence"), a software distributor based in Cincinnati, Ohio, filed a lawsuit before this court alleging that Bradley, a company headquartered in Menononee Falls, Wisconsin, breached a contract between the two companies. itelligence alleges that the parties entered into an agreement in December 2007 in which itelligence would install and customize sophisticated computer software at Bradley's headquarters in Wisconsin. On April 29, 2009, Bradley terminated the agreement at a face-to-face meeting between representatives of the companies and delivered a formal termination letter to the itelligence representative. On May 5, 2009, itelligence filed a complaint before this court alleging that Bradley wrongfully terminated the agreement and owes itelligence money for its performance on the contract. On June 4, 2009, Bradley filed a motion to dismiss or, in the alternative, transfer the matter to the Eastern District of Wisconsin.

     28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Therefore, transfer is appropriate when venue is proper in the transferor and transferee districts, and when the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000); *United Airlines, Inc. V. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998). This section aims "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge F.B.L.*, 364 U.S. 19, 26 (1964)). The movant bears the burden of proof to demonstrate that the transfer is clearly favorable, and the court must examine each motion on a case-by-case basis, each by its own facts. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *Coffey v. Van Dorn Iron Works*, 76 F.2d 217, 219-20 (7th Cir. 1986). When determining which forum is more convenient, the court reviews: 1) plaintiff's choice of forum; 2) the situs of material events; 3) relative ease of access to

| STATEMENT |
|---|

sources of proof; and 4) convenience of the parties and witnesses. *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002). In determining which forum is favored by the interests of justice, the court reviews: 1) the time to trial; 2) the court's familiarity with applicable law; 3) the desirability of resolving the controversy in each locale; and 4) the relation of each community to the occurrence at issue. *Id.* District courts have the power to use broad discretion in determining whether transfer is proper. *Coffey*, 79 F.2d at 219.

We find that this case should be transferred to the Eastern District of Wisconsin because it is both more convenient and favored by the interests of justice. First, with respect to convenience, the situs of material events favors a transfer. The alleged breach occurred at a meeting in Wisconsin, the site of the project was in Wisconsin, and the itelligence employees spent hundreds of hours over the course of several months in Wisconsin. Further, with respect to the convenience of the witnesses and parties, both sides essentially argue that the, because of their proximity to each other, neither Chicago or Milwaukee would be a serious inconvenience. We agree. However, we note that Milwaukee would be the more convenient forum for the single non-party witness identified by the parties, Gary Eads. The convenience of non-party witnesses is afforded more weight than witnesses in control of the parties because it is "presumed that party witnesses will appear voluntarily." *First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006)(Guzman, J.). Mr. Eads appears to be a material witness in this case due to his role as a consultant on the project. Although Mr. Eads lives near Rockford, Illinois, he spends five days per week in Milwaukee and stated that Milwaukee would be more convenient for him. (Eads Decl. ¶¶ 5-9.)

Second, we find that the interests of justice favor Wisconsin. Based upon the facts set forth above, we find that this case has an overwhelming connection to Wisconsin. By comparison, Illinois is not substantially connected to this case. A handful of employees spent fewer than ten hours working on the project in Illinois and, during the term of the contract, only two meetings took place in Illinois. Therefore, the desirability of resolving the controversy in Wisconsin and Wisconsin's connection to the contract both favor transfer.

Accordingly, for the reasons set forth above, we hold that this case should be transferred to the Eastern District of Wisconsin and we make no ruling with respect to Bradley's motion to dismiss.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: August 10, 2009